241780 DCC Propane v. KMT Enterprises, Inc. This says the person acts knowingly when the person has actual knowledge of the facts giving rise to the violation. It says nothing about the legal requirements. It says the facts giving rise to the violation. Or, essentially, a reasonable person would have knowledge of the facts that give rise to the violation. I'm puzzled at this notion that somehow the Federal statute requires somebody to know about the Federal statute. No, I'll modify my answer. The person doesn't have to know it's Section 1544, et cetera, a particular section of the code. It has to have knowledge of the things that are a violation. Is it enough that the person knows that he is sitting there in the cab not watching when he's supposed to be out there monitoring the tank being filled up? That's actual knowledge, isn't it? Sure. But the code allows you to be out there. Why isn't that enough? The code allows you to be a certain distance away from as long as you're within 25 feet of where the filling device is permissible. As long as you're watching. But if you're within 10 feet and if you're not watching, then you're not monitoring. Let me ask you this. We're on 12b-6. And so the allegations must be plausibly construed. Couldn't the allegations be construed to allege that the defendant failed to do what the Federal regulations required, no more, no less? Yes, but I don't think that's the question. I think the question is whether or not the test – I think this Court's already decided it. It's decided that there is no – the mens rea requirement is different in negligence than it is in this Act. And it's interpreting the statute, you've done it, and there's no reason to move away from the way that you've interpreted that statute, that a mens rea requirement of this sort is higher than what's required in negligence, which does not contain a mens rea requirement at all. I'm just curious, and I realize we're here, we're looking at case law and we're looking at statutory language, but I'm interested to understand – I understand the policy rationale for wanting to create a uniform set of expectations as to materials handling. People know if I'm doing these things, then I'm not going to be held liable. What's the policy rationale for displacing almost the entirety of common law tort liability to individual victims? I don't know what – why Congress did it. They considered putting in a remedial statute, and they opted not to. And so, for example, in the plaintiff's brief, they talked about how it would be important to be able to give a remedy. But in Guano, a person lost their leg. In Roth, it was sulfuric burns all over the person. All these cases involve instances in which there is not a remedy that's provided in order to provide for uniform review. Why Congress opted to do that and have such a broad provision for preemption? But in those cases, you don't agree in those cases that the plaintiffs were arguing that something more was required than what federal law required? No. That was under – those cases focused on the first part, just like the underlying case in Guano. But this court, I think, took the lower-hanging fruit, and the first thing this court decided was they're different. It doesn't exist, or it's at a lower stake than the knowing language that's in the statute. I suppose the very first thing the court decided was that this whole preemption provision does, in fact, apply to common law claims. That was something that you would want them to have concluded, and you don't disagree with that, that 5125B, when it's talking about the differences, that applies to common law claims as well as state enforcement actions. As long as they're substantively the same as the statute.  And I would say most would not. I'm curious, and again, I realize it's not the focus of the argument here on appeal, but I am a little bit hung up on 5125H, which seems to specifically explain that mens rea, state of mind, as opposed to what you're actually doing, is not part of this apples-to-apples comparison that you're doing for purposes of the preemption analysis. And I'm just trying to, what's your, how do you deal with 5125H? Frank, I was dealing with it in that, as with the Bono case, it was really the other statute and not part H. It doesn't seem like anybody really addressed 5125H, and that's why I'm curious. It sounds like you don't have a specific thought about it. Fair enough. Appreciate your arguments, and we'll hear again from Mr. Giamma. Thank you, Your Honor. Thank you, Your Honor. With regards to 5125H, the mens rea levels defined in 5123A are plainly directed at the burden the federal government has in its enforcement actions. 5125H carves out the mens rea requirements for a state enforcement action. Therefore, if a state, if the state of Connecticut was bringing an enforcement action, they wouldn't be bound by that. You're not taking the softball I'm throwing you, right? I mean, you seem to be conceding that that subsection, putting aside Bono and other things, wouldn't offer another shield against this argument. I'm interested in that. Yes, Your Honor. It makes no sense that a citizen's suit for damages caused by a tort visa's violations would be more restricted than the state's enforcement action. Is there a case that tells us that that says that? Well, 5125H tells us that the state is not bound by that. And according to... It uses the same phrase, a law regulation order or other requirement of a state, as we saw in 5125B1. And below, I think you argued that that took common law claims out of this whole preemption framework. But once they're in the preemption framework, I'm surprised you're not embracing the entirety of the preemption statute as applying to that. I don't think we have to, and it's sometimes wise not to be overly ambitious. Perpetuating the district court's application of Bono in this case, I mean, it leads to what I believe is an unworkable result where there is no accountability for damage caused by the negligent or reckless violations of federal law. It is true that in Roth and some of these other cases, you had an injured plaintiff. However, the issues before those courts were very narrowly tailored to the issues that were presented. And I apologize. I am out of time. Appreciate your argument. Thank you very much. Appreciate it. We'll take it under advisement and get something out to you both. Thank you very much.